IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CSX INTERMODAL TERMINALS, INC., a Delaware corporation<br><br>Defendant. | Case No. 19 cv 2937 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant CSX Intermodal Terminals, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

1. On March 29, 2019, Plaintiff Richard Rogers ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Richard Rogers v. CSX Intermodal Terminals, Inc.*, No. 2019-CH-04168 (the "State Court Action").

2. Defendant was served with a copy of the summons and complaint in the State Court Action on April 2, 2019.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Ex. 1.

5. Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of finger-scan technology. (*See* Ex. 1, Compl. ¶¶ 3, 8.) Specifically, Plaintiff alleges that Defendant collects, stores, uses, and discloses truck drivers' allegedly biometric information (finger-scans) for identification and security purposes when the drivers access Defendant's facilities, without first obtaining informed written consent or publishing a retention policy. (*See id.* ¶¶ 3, 17-22.) Based on those allegations, Plaintiff asserts one count for alleged violation of BIPA, in both his individual and representative capacity. (*See id.* ¶¶ 31-39.)

**I.    Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)**

6. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000. *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

7. According to the allegations in the Complaint, Plaintiff is a citizen and resident of Illinois. (Compl. ¶ 14.)

8. Defendant is a Delaware corporation with its headquarters and principal place of business in Jacksonville, Florida. (Compl. ¶ 13.)

9. Because Plaintiff is a citizen of Illinois, while Defendant is a citizen of Delaware and Florida, there is complete diversity of citizenship. *Detrick v. Home Depot, U.S.A.*, No. 13 C 3878, 2013 WL 3836257, at *1 n.1 (N.D. Ill. July 23, 2013).

10. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home*

*Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

11. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

12. Plaintiff alleges that "[d]uring his role as a truck driver, Plaintiff was required to visit various railyards, including those owned and operated by Defendant," and that "[a]t such facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information…." (Compl. ¶ 18.)

13. Plaintiff seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA," in addition to "injunctive and equitable relief," "reasonable attorneys' fees, costs, and other litigation expenses," "pre- and post-judgment interest," and "such further and other relief as the Court deems just and equitable." (Compl. ¶¶ 37 & Prayer for Relief.)

14. According to records maintained by Defendant in the ordinary course of business, Plaintiff accessed the property requiring use of the finger-scan access system at issue in the Complaint more than 15 times within the one year preceding the filing of the Complaint. Because Plaintiff is seeking statutory damages of up to $5,000 for each time he used the finger-scan access system at issue in the Complaint, in addition to injunctive relief, attorneys' fees, costs, expenses, and unspecified other relief, the amount in controversy exceeds $75,000.[1]

---

[1] Defendant denies that BIPA allows for recovery of the statutory amount for each and every time that Plaintiff used the finger-scan access system. However, Plaintiff's allegations and

15. Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendant, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

## II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

16. Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

17. Plaintiff alleges that "[t]here are at least thousands of members of the Class…." (Compl. ¶ 25.)

18. Because Plaintiff is seeking statutory damages of up to $5,000 for each alleged violation of BIPA, in addition to injunctive relief, attorneys' fees, costs, expenses, and unspecified other relief, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).

19. As established above, Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Florida. Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

requested relief must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

20. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

### III. Case Or Controversy

21. Courts in this District hold that where a complaint alleges disclosure of alleged biometric data to third parties, those allegations are sufficient to support Article III jurisdiction. *See Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *9-12 (N.D. Ill. May 31, 2018) (denying plaintiff's motion to remand and holding allegations of unauthorized disclosure to third party were sufficient to support Article III standing); *Miller v. Sw. Airlines Co.*, No. 18 C 86, 2018 WL 4030590, at *3 (N.D. Ill. Aug. 23, 2018) (holding allegations of disclosure to third parties were sufficient to establish Article III standing).

22. Plaintiff's Complaint alleges Defendant "failed to obtain Plaintiff's and other truck drivers' informed consent prior to…disseminating their biometric information to any of its technology vendors in violation of BIPA." (Compl. ¶ 21.) Several other portions of his Complaint also purport to allege disclosure/dissemination. (*See* Compl. ¶¶ 6,_23, 27, 33.) Plaintiff's allegations establish a case or controversy sufficient to support Article III jurisdiction.

### IV. Venue

23. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

24. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant CSX Intermodal Terminals, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: May 1, 2019							CSX INTERMODAL TERMINALS, INC.

By: /s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*
*CSX Intermodal Terminals, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on May 1, 2019 to:

    Myles McGuire
    David L. Gerbie
    MCGUIRE LAW, P.C.
    55 W. Wacker Dr., 9th Floor
    Chicago, IL 60601
    Tel: (312) 893-7002
    mmcguire@mcgpc.com
    dgerbie@mcgpc.com

    *Attorneys for Plaintiff*

                                                /s/ Bonnie Keane DelGobbo