# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
04/02/2019
CT Log Number 535218179

TO:    CSX Legal Papers
CSX Corporation
500 Water St, C160
Jacksonville, FL 32202-4423

RE:    **Process Served in Illinois**

FOR:    CSX Intermodal Terminals, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD ROGERS, individually and on behalf of similarly situated individuals, Pltf. vs. CSX INTERMODAL TERMINALS, INC. etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Motion, Memorandum, Certificate, Exhibit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL Case # 2019CH04168 |
| **NATURE OF ACTION:** | Class Action- Violations of the Illinois Biometric Information Privacy Act. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/02/2019 at 15:18 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 07/29/2019 at 09:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | David L. Gerbie MCGUIRE LAW, P.C 55 W. Wacker Drive, 9th Fl. Chicago, IL 60601 312-893-7002 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2019, Expected Purge Date: 04/08/2019 |
| | Image SOP |
| | Email Notification, CSX Legal Papers  LegalPapersIntake@csx.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: 7/29/2019 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
2210 - Served                           2121 - Served
2220 - Not Served                       2221 - Not Served
2320 - Served By Mail                   2321 - Served By Mail
2420 - Served By Publication            2421 - Served By Publication
Summons - Alias Summons                         (06/28/18) CCG 0001

FILED
3/29/2019 4:53 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04168

FILED DATE: 3/29/2019 4:53 PM   2019CH04168

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Richard Rogers

(Name all parties)          Case No.   2019-CH-04168

v.

CSX Intermodal Terminals, Inc.

c/o C T Corporation System
208 SO LASALLE ST, SUITE 814
Chicago, IL 60604

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

3/29/2019 4:53 PM DOROTHY BROWN

Witness: _____

Atty. No.:  56618

Atty Name:  McGuire Law, P.C.

Atty. for:  Richard Rogers

Address:  55 W. Wacker Dr. 9th Fl.

City:  Chicago          State:  IL

Zip:  60601

Telephone:  312-893-7002

Primary Email:  dgerbie@mcgpc.com

Secondary Email:  jsheikali@mcgpc.com

Tertiary Email:  mmcguire@mcgpc.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois   cookcountyclerkofcourt.org**

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 3/29/2019 4:53 PM   2019CH04168

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois   cookcountyclerkofcourt.org**

Hearing Date: 7/29/2019 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
Cook County, IL

**12-Person Jury**

FILED
3/29/2019 4:03 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04168

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RICHARD ROGERS, individually and on )
behalf of similarly situated individuals, )
                           )
      *Plaintiff,*            )      No.  **2019CH04168**
                           )
        v.                )
                           )      Hon.
CSX INTERMODAL TERMINALS, INC. )
a Delaware corporation,            )      **Jury Trial Demanded**
                           )
      *Defendant.*          )

## CLASS ACTION COMPLAINT

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant CSX Intermodal Terminals, Inc. ("CSX") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

2.      Defendant CSX is one of the largest rail service providers in North America.

3.      Defendant CSX requires truck drivers who visit its facilities, including Plaintiff, to provide their biometric identifiers and biometric information, in the form fingerprints and related

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

information, so that CSX may identify which individuals and truck drivers are visiting its facilities for security purposes.

4.    BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, regardless of the manner from which it was converted, or is converted or stored, unless it first:

   a.  informs that person in writing that biometric identifiers or biometric information will be collected or stored;

   b.  informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c.  receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

5.    BIPA also requires private entities in possession of biometrics to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

6.    Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

7.    Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like

2

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

8.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's collective and respective conduct in violating his biometric privacy rights under BIPA.

9.      Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper.

10.     BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold their biometrics.

11.     The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

12.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

### PARTIES

13.     Defendant CSX is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. CSX is headquartered in Florida and conducts business throughout Cook County.

14.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois.

3

FILED DATE: 3/29/2019 4:03 PM  2019CH04168

## JURISDICTION AND VENUE

15.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

16.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

17.     During the relevant time period, Plaintiff worked as a truck driver.

18.     During his role as a truck driver, Plaintiff was required to visit various railyards, including those owned and operated by Defendant, to pick up and drop off various freight loads. At such facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information, *i.e.* his fingerprints and related information, into Defendant's biometrically-enabled security and identity verification devices and associated technology (the "Biometric System").

19.     Using the Biometric System, Defendant CSX collected, captured, stored, and otherwise obtained the biometric identifiers and associated biometric information from Plaintiff and other truck drivers in order to allow and track their access to its facilities.

20.     Although Defendant CSX collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent from Plaintiff and other similarly situated individuals, all in violation of BIPA.

4

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

21.     Defendant CSX further failed to obtain Plaintiff's and other truck drivers' informed consent prior to collecting and/or disseminating their biometric information to any of its technology vendors in violation of BIPA.

22.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant CSX within the state of Illinois any time within the applicable limitations period.

24.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

25.     There are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

26.     Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

27.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a.  Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

    b.  Whether any biometric information is generated or otherwise derived from the Biometric System;

    c.  Whether Defendant CSX disseminates biometric information;

    d.  Whether Defendant CSX made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

    e.  Whether Defendant CSX obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    f.  Whether Defendant's conduct violates BIPA;

    g.  Whether Defendant's BIPA violations are willful or reckless; and

    h.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

28.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

FILED DATE: 3/29/2019 4:03 PM  2019CH04168

29.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

30.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.***
**(On behalf of Plaintiff and the Class and against Defendant CSX)**

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     Defendant CSX is a private entity under BIPA.

33.     In order to secure its facilities, maintain access records, and identify visitors to its facilities, Defendant CSX collects, captures, stores, uses, and disseminates biometric identifiers and/or biometric information.

34.     The information and data that Defendant CSX obtains does not exist absent the collection, capture, storage, transfer, and use of Plaintiff's and Class members' biometric identifiers and/or biometric information.

35.     Prior to obtaining Plaintiff's and the Class members' biometric identifiers and/or biometric information, and in violation of 740 ILCS 14/15(b), Defendant CSX failed to provide any written disclosures regarding its use of such information, nor the purpose or duration of such

7

use, and Defendant CSX failed to obtain written releases from Plaintiff and the Class members in order to legally collect and obtain such information.

36.     Prior to storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant CSX failed to make publicly available a retention and destruction schedule for such biometric information.

37.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

38.     Defendant CSX's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant CSX negligently failed to comply with BIPA.

39.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

    d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

8

FILED DATE: 3/29/2019 4:03 PM   2019CH04168

    e.  Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.  Awarding pre- and post-judgment interest, as allowable by law; and

    h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 29, 2019

Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals

By:   /s/ David L. Gerbie
      *One of Plaintiff's Attorneys*

Myles McGuire
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

9

Return Date: No return date scheduled
Hearing Date: 7/29/2019 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
          Cook County, IL

FILED
4/1/2019 1:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04168

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2019CH04168 |
| v. | ) ) ) | Hon. Franklin Valderrama |
| CSX INTERMODAL TERMINALS, INC. a Delaware corporation, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Richard Rogers, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: April 1, 2019                    Respectfully Submitted,

                                        RICHARD ROGERS, individually and on behalf of
                                        a Class of similarly situated individuals

                                        By: /s/ David L. Gerbie
                                        *One of Plaintiff's Attorneys*

1

David L. Gerbie
Jad Sheikali
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com
jheikali@gmail.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 4/1/2019 1:42 PM 2019CH04168

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
## A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of individuals whose biometric identifiers and biometric information was captured, collected, stored, and used by CSX Intermodal Terminals, Inc. ("CSX" or "Defendant"), a large freight railway network. After Plaintiff learned of Defendant's wrongful biometric practices, he brought suit on behalf of a class of similarly situated individuals pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), to obtain redress for all persons injured by Defendant's conduct.

## I.      INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information and their right to make an informed decision with respect to providing such information. Under BIPA, biometric identifiers include retina or iris scans, voiceprints, and fingerprints; while biometric information can be defined as the manipulation of biometric identifiers into usable, storable data. In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or his biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5.

3

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

Defendant has taken the biometrics of at least hundreds of individuals by scanning their fingerprints within the state of Illinois. (Compl. ¶ 25.)  During the relevant period, Defendant implemented a biometric identity verification system to track and allow access to its facilities. (Compl. ¶19.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals and the public with a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendant did not obtain consent to transmit or disseminate biometrics to third parties. (Compl. ¶¶ 20-22.)

### B.   The Proposed Class

Plaintiff brings this action on behalf of himself and a Class (the "Class") of similarly situated individuals pursuant to 735 ILCS § 5/2-801. The Class is defined as follows:

> **Class:** All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant CSX within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 23.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

4

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

## III.   ARGUMENT

### A.   Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)  The representative parties will fairly and adequately protect the interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005).

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.    The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

6

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

Plaintiff alleges that there are at least thousands of members of the Class. (Complaint at ¶ 25.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Defendant collects the fingerprints of at least thousands of individuals—an amount that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 121 Ill. App. 3d 520, 529 (1st. Dist. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity.

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records as that information is also collected and connected to each person's biometric information. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.   Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc.*

FILED DATE: 4/1/2019 1:42 PM    2019CH04168

*v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used; whether Defendant's conduct violates BIPA; whether Defendant's conduct is negligent; whether Defendant's violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl. ¶ 27.)

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometric identifiers and/or biometric information of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D.  Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's biometric identity verification and access system and that Defendant captured, collected, stored, and disseminated his fingerprints and related biometric information. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. (*See* Declaration of David Gerbie, attached as Exhibit A). Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving BIPA, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant's would willingly implement the procedures necessary to honor the requirements of the statute. Thus,

FILED DATE: 4/1/2019 1:42 PM 2019CH04168

proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    **CONCLUSION**

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: April 1, 2019                             Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of
a class of similarly situated individuals

By: /s/          David L. Gerbie
*One of Plaintiff's Attorneys*

David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 1, 2019, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system. A copy of this will be served on Defendant's registered agent.

/s/ David L. Gerbie

12

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

# Exhibit A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2019CH04168 |
| v. | ) ) ) | Hon. Franklin Valderrama |
| CSX INTERMODAL TERMINALS, INC. a Delaware corporation, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) | |

FILED DATE: 4/1/2019 1:42 PM 2019CH04168

## <u>DECLARATION OF DAVID L. GERBIE</u>

I, David L. Gerbie, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18 and a resident of the State of Illinois.

2.      I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.      I am an associate of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.      McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.      The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in

1

FILED DATE: 4/1/2019 1:42 PM    2019CH04168

size and complexity to the instant case. Attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g., Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.*, (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.*, (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.*, 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC*, (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Vergara et al. v. Uber*

FILED DATE: 4/1/2019 1:42 PM   2019CH04168

*Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017).

6.    I am a graduate of The University of Wisconsin Law School. I have been practicing law since 2016 and have been admitted to practice in the Illinois Supreme Court and in the U.S. District Court for the Northern District of Illinois.

7.    McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2019 in Chicago, IL.


                          /s/   David L. Gerbie
                          *One of Plaintiff's Attorneys*

3